USDC IN/ND case 2:23-cv-00187-TLS-JEM   document 3   filed 04/28/23   page 1 of 5

45D11-2304-CT-000491
Lake Superior Court, Civil Division 7

Filed: 4/28/2023 2:37 PM
Clerk
Lake County, Indiana

16072PI:JPP:jpp

Attorney ID: 37377-45

| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
| | ) SS: | ROOM NUMBER _____ |
| COUNTY OF LAKE | ) | HAMMOND, INDIANA |

YOLANDA JORDAN,                )
                               )
    Plaintiff,                 )
                               )
    v.                         )    CAUSE NO.:
                               )
WALMART, INC., a Foreign For-Profit )
Corporation,                   )
                               )
    Defendant.                 )

### COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, Plaintiff, Yolanda Jordan ("Plaintiff"), by counsel, John P. Puziss of The Vrdolyak Law Group, LLC, and for her cause of action against Defendant, WalMart, Inc., a Foreign For-Profit Corporation ("Defendant"), states as follows:

### COUNT I – YOLANDA JORDAN v. WALMART, INC.

1. That on June 5, 2021, and at all relevant times herein, Defendant was a foreign for-profit corporation authorized and doing business in the State of Indiana.

2. That at the aforesaid time, and at all relevant times herein, Defendant did own, operate, manage, and control the property and/or the surrounding premises at or near 1100 5th Avenue, Hammond, Indiana 46320, in Lake County, Indiana ("Premises").

3. That at the aforesaid time and place, and at all relevant times herein, Defendant made the Premises available to the general public and the Premises was used by the general public including Plaintiff.

4. That on June 5, 2021, Defendant invited and allowed Plaintiff to enter upon the Premises, and Plaintiff was lawfully upon the Premises as a business invitee.

Exhibit B

repair and maintenance of its Premises in order to guard against foreseeable injuries to third parties and to maintain its Premises in reasonably safe condition. Moreover, Defendant could not delegate to its agents, servants, or independent contractors its duty to remedy, repair, maintain, or to otherwise make safe the Premises for Plaintiff and the general public.

13. That at the aforesaid time and place, Defendant negligently breached its duty to Plaintiff by acting with disregard for the safety of Plaintiff through one or more of the following acts and/or omissions:

   (a) knew or by the exercise of reasonable care would have discovered the unreasonably dangerous condition on the Premises, and should have realized that it involved an unreasonable risk of harm to such invitees as Plaintiff;

   (b) should have expected that Plaintiff would not have discovered or realized the danger on its Premises, or would have failed to protect herself against it,

   (c) failed to exercise reasonable care to protect Plaintiff against the unreasonably dangerous condition on its Premises;

   (d) permitted and allowed the aforesaid unreasonably dangerous condition at the Premises to be and remain in an unreasonably dangerous condition;

   (e) failed to remedy or remove the aforesaid unreasonably dangerous condition at the Premises;

   (f) failed to adequately maintain the Premises;

   (g) failed to install barricades, flags, signs, and/or warnings devices to ensure safe navigation of the area by Plaintiff and anyone else legally on the premises;

   (h) maintained the Premises in an open, defective condition for an unreasonable length of time;

   (i) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at the Premises through Defendant's negligence; and

   (j) failed to warn Plaintiff of the aforesaid unreasonably dangerous condition of said premises.

14. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant, Plaintiff suffered injuries and damages of a personal, pecuniary, and permanent nature.

15. That as a further direct and proximate result of the aforesaid wrongful acts or omissions of Defendant, Plaintiff sustained severe and permanent damage, disfigurement, and deformity, including physical pain and mental suffering, is unable to function as a whole person, has diminished qualify of life, and was otherwise injured, some of which injuries may be permanent, incurred medical expenses, lost wages, and was otherwise damaged by Defendant.

16. That as a further direct and proximate result of one of more of the aforesaid wrongful acts or omissions of Defendant, Plaintiff suffers from a broken right wrist, lumbar radiculopathy, and tear and fraying of the meniscus of her right knee, among other injuries.

17. That Plaintiff further has become liable for past and future medical expenses, has past and future lost wages and earning capacity, has and will be kept from attending her ordinary affairs and duties, and has and will lose great gains which she otherwise would have made and acquired.

WHEREFORE, Plaintiff, YOLANDA JORDAN, demands judgment against the Defendant, WALMART, INC., a foreign for-profit corporation, for compensatory damages which will reasonably compensate her, plus costs, including attorney's fees, including those fees for any frivolously asserted affirmative defenses, prejudgment interest, and any other proper relief.

Respectfully submitted,

JOHN P. PUZISS, #37377-45
The Vrdolyak Law Group, LLC
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC**
**By: John P. Puziss (Attorney ID: 37377-45)**
9618 S. Commercial Avenue
Chicago, Illinois 60617
Telephone:   (773) 731-3311
Facsimile:    (773) 731-6919
jpuziss@vrdolyak.com

## JURY DEMAND

Plaintiff, by Counsel, John P. Puziss of The Vrdolyak Law Group, LLC, demands trial by jury.

Respectfully submitted,

*[signature]*

JOHN P. PUZISS, #37377-45
The Vrdolyak Law Group, LLC
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC**
**By: John P. Puziss (Attorney ID: 37377-45)**
9618 S. Commercial Avenue
Chicago, Illinois 60617
Telephone:   (773) 731-3311
Facsimile:   (773) 731-6919
jpuziss@vrdolyak.com